## MOIESE *vs.* KNAPP.

1. M. sues on a writ against K., returnable to May Term, 1859, of the Court. Service is duly acknowledged by the defendant, and process waived in April. The case is not docketed until November Term thereafter, when the parties appeal by consent: *Held*, That the defendant is not entitled to have the case dismissed upon the appeal, because it was not docketed at the Appearance Term in May, 1859.

2. Blank acceptances are binding upon the acceptor, there being no complaint that the drafts were not filled out according to the agreement o the parties.

Assumpsit, in Muscogee Superior Court. Tried before Judge WORRILL, at May Term, 1860.

This was an action of assumpsit by Knapp against Moiese, on acceptances by Moiese of certain drafts drawn on him by Knapp, amounting to about $1,172 21. The writ was returnable May Term, 1859, of Muscogee Superior Court, but upon being filled up, without being filed or entered in the Clerk's office, service was acknowledged thereon by defendant, with the usual waiver of process and copy declaration and process. This acknowledgment bears date April 30th, 1859. At the succeeding November Term of the Court, by consent of parties, the case was, by order of the Court, transferred to the appeal. At May Term, 1860, the case being called in its order on the appeal docket, defendant moved to dismiss it, on the ground that the writ had never been *filed* in office or entered upon the record, or appearance docket of the Court. The presiding Judge held that, inasmuch as the cause had at the preceding term, which was the trial term at common law, been, by order of the Court and by consent of parties, transferred to the appeal, it was now too late for defendant to make the objection of want of file, etc., and refused the motion to dismiss, and defendant excepted.

Defendant then filed his plea, verified by his oath, that at the time his name was written across the face of the papers, and being the acceptances sued on, "there was no drawer to the same, nor was the name of the drawer put there in his presence, or by his order; and that said bills were drawn to his order and not endorsed."

Moiese *vs.* Knapp.

To this plea plaintiff demurred. The Court below sustained the demurrer, and defendant excepted.

JONES & JONES, for plaintiff in error.

JOHNSON & SLOAN, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

Service was acknowledged in this case, and process waived in April, 1859. The case was not docketed at the ensuing May Term, nor until the ensuing November Term, thereafter, when the case was carried to the appeal by consent. At the first term of the appeal, a motion was made to dismiss the case, because it had not been docketed at the appearance term.

There are cases where the Courts from considerations of public policy, will allow advantages of this sort to be taken of a party. But whenever the case is sued out in time, and such is the undisputed fact here, we do not see that any great mischief can result from a failure to docket it, so far as the defendant himself is concerned. We express no opinion where the rights of third persons may be involved.

As to the blank acceptances, we see nothing in that. Such things are not unusual. There was no abuse of confidence in this case. The instruments were filled out as they were intended to be. Even if they had not been, and third persons had innocently got hold of them in the due course of business, the acceptances would have been binding.